IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JAMES JOSEPH HAMILTON,<br>Register No. 182603,<br><br>      Plaintiff,<br><br>    v.<br><br>MATT BLUNT, et al.,<br><br>      Defendants. | No. 06-4018-CV-C-SOW |

## REPORT, RECOMMENDATION AND ORDER

  Plaintiff James Joseph Hamilton, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

  Pursuant to the Order of this court, a telephone conference was held on August 21, 2006, to discuss whether plaintiff could be reassigned to a housing unit where the nonsmoking rules are enforced or, alternatively, a housing unit where inmates are not allowed to possess tobacco. Defendants were directed to provide, in camera, copies of plaintiff's medical records for review for purposes of determining the extent of plaintiff's asthma condition, which he alleges is aggravated by the second-hand smoke in the prison. Pursuant to the evidence provided to this court and statements made by plaintiff at the conference, it has become clear to this court that plaintiff's claims fail to allege "imminent danger of serious physical injury." Therefore, because plaintiff is a frequent litigator, see Hamilton v. Missouri State Public Defender, No. 95-0349 (W.D. Mo. 1995); Hamilton v. Mauer, No. 95-0738 (W.D. Mo. 1995); Hamilton v. Circuit Court of Jackson County, No. 06-0053 (W.D. Mo. 2006), plaintiff must pay the filing fee in full or his claims will be dismissed, pursuant to 28 U.S.C. § 1915(g). A prisoner who has had three cases dismissed under 28 U.S.C. § 1915 or § 1915A must be denied leave to proceed in forma pauperis. 28 U.S.C. § 1915(g).

Plaintiff's motions for preliminary injunctive relief on claims of exposure to second-hand smoke (ETS) and alleged harassment should be denied. Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

There is no evidence from plaintiff's medical records that his asthma condition and exposure to ETS pose a threat of irreparable harm or imminent risk. Plaintiff stated at the conference that since being housed at Jefferson City Correctional Center (JCCC), his asthma condition has worsened. A general worsening of plaintiff's asthma condition, over time, does not warrant the issuance of a preliminary injunction. Moreover, defendants have stated there are

2

no housing units at JCCC which would prevent plaintiff's exposure to ETS. Preliminary injunctive relief is not warranted.

Plaintiff's claims seeking preliminary injunctive relief regarding sexual harassment are also unwarranted. There is no threat of irreparable or imminent harm to plaintiff. Morever, these allegations were not part of plaintiff's original complaint and involve alleged incidents which occurred subsequent to the filing of his complaint and which plaintiff has not had the opportunity to present via the prison grievance process, as required by 42 U.S.C. § 1997e. Additionally, at the telephone conference, defense counsel was ordered to submit plaintiff's motion for preliminary injunctive relief on allegations of sexual harassment to the Director of the Department of Corrections (DOC) to conduct an investigation on the claims. Defendants filed a memorandum to the court on August 25, 2006, stating that the DOC has assigned an investigator to the matter and will investigate plaintiff's abuse allegations. Plaintiff's motion to amend adding these claims should be denied. Plaintiff's allegations of sexual harassment do not allege a danger of serious physical harm, as required by 28 U.S.C. § 1915(g).

To the extent this recommendation of dismissal, pursuant to 28 U.S.C. § 1915(g), is inconsistent with the discussion at the conference, the court notes that plaintiff's status as a three-strikes frequent litigator was overlooked by the court at the time of the conference.

Pursuant to the conference, plaintiff's motions for an extension of time to complete discovery and motion for copies are denied as moot.

The motion to dismiss plaintiff's claims filed on August 2, 2006, was determined at the conference to be fraudulent and is denied. Plaintiff's motion to amend to add claims challenging the fraudulent motion to dismiss and corresponding motion for order are denied as moot.

Plaintiff's July 31, 2006 motion to amend his ETS claims to add Missouri Department of Corrections Maintenance Engineer Steve Kroner, who plaintiff alleges is charged with managing the prison exhaust fan system, is denied. The court finds allegations that the Maintenance Engineer is conspiring with the other defendants to expose plaintiff to deadly levels of ETS is incredible. Plaintiff's motion to amend to add defense counsel as a defendant is denied because such motion is without merit.

On August 21, 2006, plaintiff filed a motion for appoint counsel. Plaintiff's previous requests for counsel have been denied by this court, and the court finds there to be no significant

change in circumstances warranting appointment of counsel at this time. Therefore, for the reasons previously set forth by this court, it is

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [54]. It is further

ORDERED that plaintiff's motions to amend to add Steve Kroner and defense counsel Bart Matanic as defendants are denied [39, 50]. It is further

ORDERED that the August 2, 2006 motion to dismiss is determined to be fraudulent, and is denied [43]. It is further

ORDERED that plaintiff's motions to amend and for order challenging the fraudulent motion to dismiss are denied as moot [51, 52]. It is further

ORDERED that plaintiff's motions for discovery and copies are denied as moot [41, 47]. It is further

ORDERED that plaintiff's motion for leave to amend his complaint to add claims of sexual harassment against Olan E. Salzer is denied [42]. It is further

RECOMMENDED that plaintiff's motions for preliminary injunctive relief be denied [7, 17, 26, 33, 42, 53]. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to the provisions of 28 U.S.C. § 1915(g), unless plaintiff pays the filing fee in full within ten days.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 30th day of August, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4